## Knight et al. v. Dimas.

*Justice of the peace—Appeal—Rule to set aside summons—Former suits—Res judicata—Matter of defence—Evidence.*

1. On appeal from a judgment in *assumpsit* rendered by a justice of the peace, a rule to show cause why a writ of summons issued by the justice should not be set aside and the judgment vacated was discharged, where the only cause shown was judgment before another justice of the peace for the same cause of action, and a former hearing on the same cause of action, in which the suit was dismissed.

2. In such a case, the plea of *res judicata* is not to the jurisdiction of the justice of the peace, but is a matter of defence upon the trial of the cause, and must be established by competent evidence, the same as any other matter of defence.

Appeal from judgment of justice of the peace. Rule to show cause why writ of summons should not be set aside and judgment vacated. C. P. Northumberland Co., Sept. T., 1923, No. 787.

*W. H. Unger*, for plaintiffs; *Arthur L. Swartz*, for defendant.

STROUSS, P. J., March 10, 1924.—This case comes into the Court of Common Pleas, Northumberland County, on an appeal by Thomas Dimas, defendant, from the judgment of W. C. Culton, a justice of the peace, who rendered judgment against the defendant on July 17, 1923. The appeal having been entered to the above number and term, the defendant presented a petition for a rule on the plaintiff to show cause why the writ of summons issued before the said justice should not be set aside and the judgment entered by the justice vacated. Upon the presentation of the petition, a rule on the plaintiff was granted according to the prayer of the petition and the case argued. The petition for the rule assigns three reasons for the setting aside of the summons and the vacating of the judgment, as follows:

1. That in a suit between the same parties for the same cause of action, judgment was entered against the plaintiffs in said suit by M. K. Berie, Esq., justice of the peace, in Milton Borough, in said county, April 13, 1923, which said judgment remains unappealed from by said plaintiffs, a copy of the transcript of said judgment as entered by said justice, M. K. Berie, is hereto attached and made a part hereof.

Knight et al. v. Dimas.

2. That the same plaintiffs brought another suit against the same defendant for the same cause of action before William D. Culton, Esq., justice of the peace, in Shamokin, in said said county, which said suit was by said Justice Culton dismissed at the hour set for hearing on July 3, 1923.

3. That as the plaintiffs never appealed the judgments entered against them as above mentioned in the "first" and "second" paragraphs of this petition, in the two former suits, the said William D. Culton, Esq., justice of the peace, in Shamokin, in said county, had no jurisdiction over the defendant in another suit for the same cause of action between the same parties, as judgment entered by M. K. Berie, Esq., justice of the peace in Milton Borough, in said county, not having been appealed from, concluded the case.

The above reasons are thus sought to be interposed as a bar to the jurisdiction of the justice. It is the contention of the defendant that, because of two prior suits (one before Justice of the Peace Berie and a second before Justice of the Peace Culton), the plaintiffs in the present action cannot maintain their action. This contention, necessarily, is based upon the doctrine of res adjudicata, and if sufficiently pleaded and successfully established would be a bar to the recovery of the plaintiffs upon the trial of the cause in this court.

The plea is not to the jurisdiction of the justice of the peace, but is a matter of defence upon the trial of the cause, and must be established by competent evidence, the same as any other matter of defence. Nor is the subject-matter res adjudicata unless there has been a trial after hearing of the matters in controversy and a judgment pronounced upon the issues.

The record of the judgment before M. K. Berie, justice of the peace of the Borough of Milton, shows the proceedings there to have been as follows:

"And now, April 7, 1923, parties appear, defendant with his counsel, A. L. Swartz, Esq., appears specially and only for the purpose of objecting to the proceedings and the jurisdiction of the justice, the constable's return on its face showing he returned the attested copy instead of serving it on the defendant, the defendant, therefore, moves that the justice dismiss the case with judgment for Thomas Dimas, defendant, and against J. E. Knight and L. E. Cooley for costs of suit. Case dismissed. Judgment for costs for Thomas Dimas, defendant, and against J. E. Knight and L. E. Cooley for costs only." From this record it is apparent there was no testimony or evidence produced and no trial upon the merits.

From the petition, answer and argument it appears there was no testimony taken or evidence introduced, and, therefore, no trial upon the merits in the suit between the parties hereto at the first suit before Justice of the Peace Culton on July 3, 1923, and that the case was dismissed by the said justice without a hearing upon the merits.

On July 5th, Justice of the Peace Culton issued a summons in the present cause, a hearing was had, testimony taken and a judgment entered against the defendant on July 17, 1923. At this later hearing counsel for the defendant appeared specially, as he did in each of the former proceedings, to object to the jurisdiction of the justice of the peace. The justice overruled the objection, and we think rightfully, for the reason that the matter being interposed by the defendant's counsel went to the defence of the action and not to the jurisdiction. The justice then proceeded with the hearing and entered the judgment from which the defendant appealed. No trial upon the merits in the first two suits having been had, the former actions would not be a defence in this suit.

We, therefore, discharge the rule, at the cost of the defendant.

From C. K. Morganroth, Shamokin, Pa.